UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TULUN KORKMAZ,                                Docket No.:
                                              11-CV-6241 (JBW)(JMA)
                    Plaintiff,

v.

J & R TRAVEL AND ACCOUNTING CORP.
and JAMAL ALOKASHEH, Individually,

                    Defendants.
------------------------------------------------------------------X

## MEMORANDUM OF LAW

Milman Labuda Law Group PLLC, counsel for Defendants moves for an order pursuant to Federal Rule of Civil Procedure 54(d)(2) granting this office its unpaid attorneys' fees for professional services rendered on behalf of Defendants.

It is well established that the Court has ancillary jurisdiction to hear an attorneys' request for legal fees from their client wherein an attorney moves to withdraw as counsel. Joseph Brenner Associates, Inc. v. Starmaker Entertainment, Inc., 82 F.3d 55, 58 (2nd Cir. 1996); Cluett, Peabody & Co. v. CPC Acquisition Co., 863 F.2d 51 (2nd Cir. 1988). Thus this firm respectfully requests that it be granted such aforementioned unpaid fees.

Milman Labuda Law Group PLLC's submits this memorandum, along with its motion to withdraw as counsel, to address in connection with the request for an order compelling payment of the outstanding attorneys' fees: (1) the Court's authority to adjudicate the fee dispute, and (2) the Court's power to require Defendant to pay the outstanding fees.

## I. The Court Has Authority to Adjudicate the Entire Fee Dispute

Milman Labuda Law Group PLLC has a fee dispute with its client, the Defendants, concerning unpaid legal fees in the instant action. This fee dispute began when the Defendants ceased paying any of Milman Labuda Law Group PLLC's bills.

Milman Labuda Law Group PLLC seeks a judgment for $10,612.44. in fees. There is no question that this amount, which totals $10,612.44, is within the Court's ancillary jurisdiction. See Alderman v. Pan Am World Airways, 169 F.3d 99, 102 (2d Cir. 1999); Joseph Brenner Assocs., Inc. v. Starmaker Entertainment, Inc., 82 F.3d 55, 58 (2d Cir. 1996).

Additionally, in Idrovo v. Mission Design and Management Inc., 10-cv-4188 (SLT) (copy attached herewith), the Court noted that the Second Circuit has awarded attorney fees counsel during a fee dispute based on an affirmative responsibility to protect its own officers. Cluett, Peabody & Co. v. CPC Acquisition Co., 863 F.2d 251, 256 (2d Cir. 1988); Clover v. Shiva Realty of Mulberry, Inc., 2011 U.S.Dist. LEXIS 112309 (S.D.N.Y. Sept. 30, 2011). Accordingly, we ask the Court to issue an order and judgment, in the action before it, requiring the payment of the remaining $10,612.44 of the fees due to Milman Labuda Law Group PLLC.

Accordingly, this firm respectfully requests an order pursuant to Federal Rule of Civil Procedure 54(d) granting this office its unpaid attorneys' fees for professional services rendered.

Dated:       Lake Success, New York
                December 12, 2012

                                      **MILMAN LABUDA LAW GROUP PLLC**

                                      By: /s/ _____
                                      Adam C. Weiss, Esq. (AW-5752)
                                      Attorneys for Defendants
                                      3000 Marcus Avenue, Suite 3W8
                                      Lake Success, New York 11042
                                      Tel: (516) 328-8899
                                      Fax: (516) 328-0082

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARCOS IDROVO,

                Plaintiff,

-against-

MISSION DESIGN AND MANAGEMENT
INC., et al.,

                Defendants.
------------------------------------------------------------x

REPORT AND
RECOMMENDATION

10-CV-4188 (SLT)

ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:

      Currently pending before this Court is a motion filed by Milman Labuda Law Group, PLLC ("Milman"), against its former clients, Mission Design and Management, Inc. ("Mission Design") and John S. Shin ("Shin") (collectively, "defendants"), to recover unpaid attorneys' fees and costs incurred in the course of Milman's representation of defendants in this action. See Memorandum of Law in Support of Its Motion for Fees ("Milman Mem."), Electronic Case Filing Docket Entry ("DE") #33. Despite actual notice of the fee application, defendants have not objected to, or otherwise responded to, Milman's motion. For the reasons set forth below, this Court recommends that the motion for fees be granted, albeit on a different legal basis than that articulated by Milman.

## BACKGROUND

      On November 30, 2010, Milman appeared on behalf of defendants in this action by plaintiff Marcos Idrovo to recover unpaid wages and overtime wages under the Fair Labor Standards Act and New York Labor Law. See, e.g., Notice of Appearance (Nov. 30, 2010),

DE #4. By May 2011, however, defendants had ceased communicating with their counsel and failed to pay Milman's fees and costs after defendants' initial retainer of $7,500 was exhausted. See Motion for Premotion Conference (Dec. 7, 2011) ("12/7/11 Mot."), DE #24; Declaration of Joseph M. Labuda, Esq. (Jan. 5, 2012) ("Labuda Decl.") ¶ 7, DE #32; Retainer Agreement (Nov. 22, 2010) ("Retainer Agreement") at 1, DE #32-1. In December 2011, Milman moved for permission to withdraw as counsel, see 12/7/11 Mot., and the Court thereafter scheduled a date for oral argument on the motion. See Endorsed Order (Dec. 14, 2011), DE #26. The Court specifically ordered defendants to appear at the hearing. See id.

Despite this Court's order, and actual notice of the hearing, defendants failed to appear. See Minute Entry (Dec. 22, 2011) ("12/22/11 Minute Entry"), DE #28. During the hearing, Milman requested that the Court exercise its ancillary jurisdiction and grant the firm an award of fees owed by defendants pursuant to a retainer agreement. See id. The Court deferred ruling on Milman's fee request, pending the firm's submission of legal authority to support the Court's consideration of a state law claim for breach of contract between Milman and defendants. See id.

On January 5, 2012, Milman filed a formal motion for fees, citing Rule 54(d)(2) of the Federal Rules of Civil Procedure ("FRCP") as authority for the Court's exercise of ancillary jurisdiction over the fee dispute. See Milman Mem. Although Milman served a copy of its motion on defendants, defendants never responded to the motion. See Affidavit of Service for

Motions for Attorneys' Fee, DE #37.[1]

## DISCUSSION

### I. Jurisdiction

Milman contends that "[p]ursuant to Federal Rule of Civil Procedure 54(d)(2), courts routinely grant motions by counsel for attorneys' fees since the courts have a responsibility to protect their own officers," and that "[t]his case should be no different." See Milman Mem. at 2.

Rule 54(d)(2) of the FRCP authorizes a party to make "[a] claim for attorney's fees and related nontaxable expenses [] by motion *unless* the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A) (emphasis added). Such a motion must "specify the *judgment* and the statute, rule, or other grounds entitling the movant to the award." See Fed. R. Civ. P. 54(d)(2)(B)(ii) (emphasis added).

The unambiguous language of Rule 54(d)(2) thus makes clear that the rule is inapposite to Milman's pending fee motion. First, there has been no judgment in this matter. Second,

---

[1] Eventually, this Court recommended that defendants' answers be stricken and their default noted due to their failure to respond to various court orders. See Report and Recommendation (Mar. 1, 2012), DE #38. Judge Sandra L. Townes, the District Judge assigned to this case, subsequently adopted this Court's recommendation in its entirety. See Order (Apr. 19. 2011), DE #40.

The Court has learned that on May 29, 2012, "Sung Soo Shin" waived indictment and pleaded guilty to a criminal information charging him with understating the gross receipts of his company, Mission Design, and evading federal corporate taxes. See Minute Entry (May 29, 2012) in United States v. Sung Soo Shin, 12 CR 182 (NGG) ("Criminal Case"); Information in Criminal Case. He was sentenced on October 24, 2012 to five years' probation and ordered to reimburse the federal government $1,946,153 in unpaid taxes. See Judgment in Criminal Case.

and more importantly, even had a judgment been entered, Rule 54(d)(2) would not apply here, where the grounds for a fee recovery stem from an alleged breach of a retainer agreement, as those fees would have to be proven "at trial as an element of damages." Fed R. Civ. P. 54(d)(2)(A); Fed. R. Civ. P. 54(d)(2) advisory committee note (1993) (Rule 54(d)(2) "does not, however, apply to fees recoverable as an element of damages, *as when sought under the terms of a contract*; such damages typically are to be claimed in a pleading and may involve issues to be resolved by a jury.") (emphasis added). A recent decision from this district confirms this Court's interpretation of Rule 54(d)(2). See Cumberland Farms, Inc. v. Lexico Enters., Inc., No. 10-CV-4658 (ADS) (AKT), 2012 WL 526716, at *10 (E.D.N.Y. Feb. 16, 2012) (concluding that Rule 54(d)(2) was inapplicable where the movant's "recovery of attorney's fees and costs would be contractual"); see also Town of Poughkeepsie v. Espie, 221 F.App'x 61, 62 (2d Cir. Mar. 19, 2007) (district court did not abuse its discretion in denying motion for attorney's fees under Rule 54(d)(2) where the "only ground for the recovery of attorney's fees was contractual."). Indeed, of the eight cases cited by Milman in support of its motion under Rule 54(d)(2), seven do not rely on Rule 54(d)(2) in awarding attorney's fees.[2] This Court concludes that Rule 54(d)(2) does not provide a jurisdictional basis over Milman's motion.

Nevertheless, Second Circuit precedent, including case law cited by Milman, does

---

[2] Milman cites an unpublished opinion from this District, CLK/HP, LLC v. Ashland Maintenance Organization, 07-cv-1922, which awarded fees on the basis of Rule 54(d)(2). See Memorandum and Order (Apr. 26, 2011) at 3, attached as Exhibit C to the Labuda Decl., DE #32-3. However, that slip opinion cites no case law to support its conclusion that Rule 54(d)(2) provides "express jurisdiction" over fee disputes in federal court.

support the exercise of supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over what is a straightforward state law claim by Milman against its former clients for breach of contract. See, e.g., Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 447-48 (2d Cir. 1988); see also Cluett, Peabody & Co. v. CPC Acquisition Co., 863 F.2d 251, 256–57 (2d Cir. 1988); cf. Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 245 (2d Cir. 2011). Courts have justified exercising jurisdiction in these instances by citing a variety of policy reasons -- from promoting judicial economy, see Achtman v. Kirby, McInerney & Squire LLP, 464 F.3d 328, 336 (2d Cir. 2006), to protecting officers of the court. See Cluett, 863 F.3d at 256.[3] Here, Milman participated in proceedings before the undersigned magistrate judge and made letter-motion applications to Judge Townes, so there is some, albeit minimal, familiarity with Milman's participation in this matter. See, e.g., Minute Entry (Nov. 22, 2011), DE #22; 12/22/2011 Minute Entry; Motion for Premotion Conference to Dismiss, DE #8; see also Alderman v. Pan Am World Airways, 169 F.3d 99, 102 (2d Cir. 1999) (court properly exercised supplemental jurisdiction over attorney fee claim arising out of wrongful death suit that it had previously adjudicated, as it thus "was already familiar with the relevant facts and legal issues"). Therefore, the Court will exercise its supplemental jurisdiction and consider Milman's motion for fees.

---

[3] Under the rationale of this line of cases, the Court would, in effect, treat Milman's unanswered motion for fees as a default judgment on a breach of contract or account stated claim that was never filed in any court. Although the Court appreciates the policy underpinnings of *Cluett* and its progeny, it questions whether these types of contractual fee disputes should be heard in federal court. Nevertheless, the Court is constrained by Second Circuit precedent to exercise its supplemental jurisdiction. See Itar-Tass, 140 F.3d at 448 (district court abused its discretion in declining to exercise supplemental jurisdiction over unpaid attorneys' fees and expert fees incurred in underlying litigation).

## II. Reasonableness of Retainer Agreement

In support of its motion, Milman filed a copy of its retainer agreement, which identified Mission Design and Shin as the clients and was signed by both Mission Design and by Shin, in his individual capacity. See Retainer Agreement at 2.[4] According to that document, defendants both agreed to retain Milman as their counsel in 2010 at an hourly rate of $350 for partners and $275 for associates, and were on notice that those rates could be "adjusted annually" by Milman. See id. at 1. The earliest outstanding invoice is from June 2011 and reflects that Milman, at that point, was charging defendants $375 for partners and $300 for associates, representing a $25 increase from the agreed-upon hourly rates.[5] The Court concludes that defendants, in signing the retainer, were aware that Milman had the right to increase its hourly rates and that Milman did not, in exercising this right, act unreasonably. See Carey v. Mui-Hin Lau, 140 F.Supp.2d 291, 296 (S.D.N.Y. Apr. 12, 2001) (under New York law, "a private retainer agreement is viewed as presumptively fair in the absence of fraud, deceit, overreaching or undue influence.") (internal quotation and citation omitted).

In further support of its application, Milman provided detailed invoices of its work on the matter. See Invoices, DE #32-2. Among other things, Milman billed for its time spent conducting research, drafting an answer to the Amended Complaint, drafting initial

---

[4] While it is not clear from the face of the retainer agreement who signed on behalf of Mission Design, that person's signature differs substantially from the signature of Shin, who apparently did not sign on behalf of Mission Design.

[5] In addition, during the month of December 2011, Milman billed an associate named Matthew Brown at an hourly rate of $200, substantially lower than that authorized under the contract.

disclosures, appearing at court conferences, and moving for fees.[6] <u>See generally id.</u> The invoices also reflect that Milman incurred minimal traveling and parking costs for its court appearances. <u>See id.</u> at 1, 5. In short, nothing in the invoices suggests that Milman acted unfairly or in bad faith in charging defendants for its work on the instant matter. <u>See Clover v. Shiva Realty of Mulberry, Inc.</u>, No. 10 CV 1702 (RPP), 2011 WL 4530536, at *3 (S.D.N.Y. Sept. 30, 2011) (allowing Milman to recover attorney's fees on breach of contract action where nothing in Milman's affidavit or billing records indicated they acted in bad faith or unreasonably).[7] Therefore, the Court recommends that Milman's motion for fees and costs be granted in the amount of $8,233.20.

## CONCLUSION

For the reasons stated above, the Court recommends that the District Court grant Milman's motion for fees and costs (but not on the basis of Rule 54(d)(2) of the FRCP) in the amount of $8,233.20.

Any objections to the recommendations contained in this Report and Recommendation must be filed with the Honorable Sandra L. Townes on or before **December 17, 2012**. Failure to file objections in a timely manner may waive a right to appeal the District Court order. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(1), 72(b)(2); <u>Small v. Sec'y of Health & Human</u>

---

[6] Pursuant to the express terms of the retainer agreement, defendants "agree[d] to pay any attorneys' fees [Milman] incur[red] in collecting any unpaid fees." Retainer Agreement at 2.

[7] Although Milman charged defendants attorney rates for a handful of non-attorney tasks, such as filing, the total amount charged is minimal and defendants have waived any objection to Milman's time charges by failing to respond to the motion. Moreover, Milman does not request interest on the outstanding fees and costs, although the retainer agreement grants Milman the right to charge an annual interest rate of nine percent on any sums that remain unpaid for 30 days. <u>See</u> Retainer Agreement at 2.

Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to enter this Report and Recommendation into the ECF system and to mail copies to defendants at their last known address and to "Sung Soo Shin's" criminal defense attorney:

> Mission Design and Management, Inc.
> 45-19 162nd Street, 2nd Fl.
> Flushing, NY 11355
>
> John Shin
> Mission Design and Management, Inc.
> 45-19 162nd Street, 2nd Fl.
> Flushing, NY 11355
>
> Angelo G. Macdonald, Esq.
> 198 East 161st Street
> Bronx, NY 10451

**SO ORDERED.**

Dated:     **Brooklyn, New York**
              **November 28, 2012**

                                         /s/ *Roanne L. Mann*
                                         **ROANNE L. MANN**
                                         **UNITED STATES MAGISTRATE JUDGE**

**Copies Mailed to**:

Mission Design and Management, Inc.
45-19 162nd Street, 2nd Fl.
Flushing, NY 11355

John Shin
Mission Design and Management, Inc.
45-19 162nd Street, 2nd Fl.
Flushing, NY 11355

Angelo G. Macdonald, Esq.
198 East 161st Street
Bronx, NY 10451